UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMARVIN K. JACKSON** | **CIVIL ACTION NO. 20-0817** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **PATRICK JOHNSON** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Jamarvin Keemquachwa Jackson, a federal pre-trial detainee at Ouachita Correctional Center, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on approximately June 22, 2020.[1] For reasons below, the Court should dismiss Petitioner's claims.

## Background

On June 26, 2019, a federal grand jury charged Petitioner with: (1) interference with commerce by robbery; (2) use of a firearm during and in relation to a crime of violence; (3) felon in possession of a firearm; (4) possession with intent to distribute marijuana; and (5) possession of a firearm in furtherance of a drug trafficking crime. *Jamarvin K. Jackson*, 3:19-cr-0200 (W.D. La. June 26, 2019). Petitioner's charges from a superseding indictment are pending, and he is represented by counsel. *Id.*

Here, Petitioner first claims that his counsel is rendering ineffective assistance:

> Counsel has failed to provide zealous and effective representation in critical stages of my criminal matter. Counsel has failed to ensure that the charges and disposition are factually and legally correct. Counsel has failed to use sources of investigative information to examine the arrest warrant, accusation, and for indictment documents. [sic].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, p. 6]. Petitioner adds that counsel is "acting in concert with the Government to pursue a wrongful conviction." [doc. #s 1, p. 7; 1-2, p. 3]. Next, Petitioner claims:

> The ruling in the suppression hearing in this case is unfair because the Government failed to file an indictment charging me with the alleged firearm that was used in both offenses, which is the fundamental and primary nexus in connection to the robbery and several other charges being pursued. To lack the primary element of the robbery before having the suppression hearing makes any ruling or decision to be flawed, unfair, and prejudicial. [sic].

[doc. # 1, p. 6]. Finally, Petitioner claims:

> Det. Crowder committed perjury while under oath and acting under the color and code of the State. Det. Crowder is also filing and maintaining a false public record. The language used in the supplemental narrative report and the affidavit for the search warrant is manipulative, deceitful, and perjurious. Therefore being misleading, false, and causing confusion. [sic].

*Id.*

Petitioner asks the Court to dismiss all charges and to release him. *Id.* at 7.

## Law and Analysis

"It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918). "[T]he writ of habeas corpus will not issue unless the court under whose warrant petitioner is held is without jurisdiction, and that it cannot be used merely to correct errors." *Riggins v. United States*, 199 U.S. 547, 547 (1905) (noting that "special" circumstances could justify a departure from the regular course of judicial procedure); *In re Chapman*, 156 U.S. 211, 215 (1895).

"The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases[.]" *Johnson v. Hoy*, 227 U.S. 245, 247 (1913). "[T]he orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on

habeas corpus the constitutionality of the statute under which he was indicted . . . ." *Id.* at 245 (citing *Glasgow v. Moyer*, 225 U. S. 420 (1912)).

In *Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010), for example, the Fifth Circuit affirmed the district court's dismissal of a petition in which a federal detainee sought release on grounds that the trial court erred in denying his motion to dismiss the indictment "due to the denial of his right to a speedy trial." Likewise, in *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988), the court opined that habeas corpus relief, "because of the illegality of [] pretrial detention[,]" is "plainly not available."

Here, Petitioner does not claim that the Court lacks jurisdiction with respect to his criminal charges, and he does not raise any rare and exceptional (or 'special') circumstances to warrant departing from the regular course of judicial procedure. See *Riggins*, 26 S. Ct. at 147 (finding no special circumstances where the petitioner claimed that "the indictment charged no offense punishable under the laws of the United States[.]"). Petitioner may raise his claims in his pending criminal proceeding, or he may appeal to the Fifth Circuit Court of Appeal where and when permitted. The Court therefore should not decide the claims raised here in advance of a final adjudication in Petitioner's underlying criminal proceeding. See *id.* at 147.[2]

---

[2] See also *Glasgow*, 225 U.S. at 430 ("[T]here was an orderly procedure prescribed by law for him to pursue; in other words, to set up his defenses of fact and law, whether they attacked the indictment for insufficiency or the validity of the law under which it was found; and, if the decision was against him, test its correctness through the proper appellate tribunals."); *In re Lincoln*, 202 U.S. 178, 183 (1906) ("It is enough that the cases be disposed of in the orderly and customary mode of procedure. It may be assumed that the trial courts will follow the rulings of this court, and if there be, in any case, a departure therefrom, the proper appellate court will correct the error."); *Garcon v. Palm Beach Cty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008) (finding that claims concerning a petitioner's indictment, counsel, grand jury, arrest warrant, and speedy trial "are properly brought during his criminal case and subsequent appeal . . . ."); *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995); *Ferguson v. Gilliam*, 946 F.2d 894 (6th Cir. 1991); *Bens v. United States*, 266 F. 152, 155 (2d Cir. 1920).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Jamarvin Keemquachwa Jackson's claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of July, 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE